**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 4:18-CR-00208 |
| v. § | |
| § | |
| § | |
| BRIDGET ELYSE TOLLE § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 31, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

Bridget Elyse Tolle was sentenced on June 5, 2015, before The Honorable Sidney A. Fitzwater of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Distribute a Controlled Substance, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. Bridget Elyse Tolle was subsequently sentenced to 30 months of imprisonment followed by a 3-year-term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment, mental health treatment, and financial disclosure. On February 17, 2017, Bridget Elyse Tolle completed her period of imprisonment and began service of the supervision term. On

October 16, 2018, jurisdiction of this case was transferred to the Eastern District of Texas, and the case was assigned to U.S. District Judge Amos L. Mazzant III.

On October 16, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed].  The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (5) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; (6) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; and (7) The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.  The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.  The defendant shall contribute to the costs and services rendered (copayment) at a rate of at least $25 per month.

The Petition alleges that Defendant committed the following acts: (1) On September 6, 2018, Bridget Elyse Tolle (Tolle) was arrested by Keller Police Department for Driving While Intoxicated.  Ms. Tolle was released on bond, and the case is pending; (2) and (3) On January 16,

2018, Ms. Tolle verbally admitted to the probation officer that she used marijuana approximately two weeks prior. On March 5, 2018, Ms. Tolle submitted a urine specimen at Addiction Treatment Resources (ATR), which tested positive for benzodiazepines. The sample was sent to the national testing lab, Alere Laboratories, Inc., for confirmation, which confirmed the positive urinalysis. Tolle did not have a valid prescription; (4) and (5) On August 21, 2017, Ms. Tolle was instructed not to have contact with Justin Melvin, a known convicted felon who was serving a term of supervised release. On November 12, 2017, Ms. Tolle had contact with Justin Melvin. Evidence of this contact was established by Plano Police Department, as Ms. Tolle was the victim of Melvin's assault on the stated date; (6) Ms. Tolle failed to report by the fifth of the month in August 2017, December 2017, January 2018, and July 2018; and (7) On November 11, 2017; November 18, 2017; and December 30, 2017, Ms. Tolle failed to attend scheduled substance abuse counseling sessions. On the following dates, Ms. Tolle failed to report to Addiction Treatment Resources (ATR) to submit a urine sample: March 26, 2018; April 23, 2018; May 4, 2018; June 4, 2018; and June 11, 2018.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations two (2) through seven (7) of the Petition. The Government dismissed allegation one (1). Having considered the Petition and the plea of true to allegations two (2) through seven (7), the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons

for five (5) months, to be served consecutively to any term imposed in Tarrant County, with thirty-one (31) months of supervised release to follow. The following conditions of supervised release should be reimposed, as stated on the record:

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) You must not commit another federal, state, or local crime.

(3) You must not unlawfully possess a controlled substance.

(4) You must refrain from any unlawful use of a controlled substance.

(5) You must submit to one drug test within 15 days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court.

(6) You must comply with the standard conditions that have been adopted by the Court.

(7) You must provide the probation officer with access to any requested financial information for purposes of monitoring employment.

(8) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

(9) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The following new special conditions should also be imposed, as stated on the record:

(10) You must participate in a program of testing and treatment for alcohol abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

(11) You must abstain from the consumption of alcohol.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 7th day of November, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE